UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO HERNANDEZ GONZALEZ,

                  Plaintiff,

   -v-

SPEEDWAY LLC,

                  Defendant.

CIVIL ACTION NO. 23 Civ. 221 (MMG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. BACKGROUND

In this personal injury action, on November 21, 2023, Defendant Speedway LLC ("Speedway") issued a subpoena to non-party Yudelka Carrero ("Ms. Carrero") requiring Ms. Carrero to appear for an in-person deposition at the offices of Speedway's counsel in Manhattan on December 20, 2023. (ECF No. 40-1 (the "Subpoena")). Ms. Carrero is alleged to have taken photographs at the scene of the accident during which Plaintiff Alejando Hernandez Gonzalez ("Mr. Gonzalez") was allegedly injured, and transmitted the photographs by text message to Mr. Gonzalez, who subsequently produced them to Speedway. (See ECF Nos. 40 at 1–2; 40-3 at 69:24–72:25). On November 22, 2023, Speedway served the Subpoena on Ms. Carrero by mail to her home in the Bronx and by leaving the Subpoena with Ms. Carrero's son at her home. (ECF No. 40-1 at 3, 6). Ms. Carrero did not appear for her deposition on December 20, 2023. (ECF No. 40 at 2).

On January 30, 2024, Speedway filed a letter-motion seeking, inter alia, an order compelling Ms. Carrero to comply with the Subpoena. (ECF No. 40 at 1–2 (the "Motion")). Following a telephone conference on February 5, 2024, the Court held the Motion in abeyance

"pending the parties' efforts to have [Ms. Carrero] appear voluntarily for deposition." (ECF No. 45). On March 12, 2024, the Court held another conference with the parties, during which Speedway represented that the parties had not been able to reach Ms. Carrero, and consequently, renewed the Motion.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 45(a)(3) permits an attorney to issue and sign a subpoena. "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of Court." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served under Rule 45(a)(3) "operate as enforceable mandates of the court on whose behalf they are served." In re Kingdom of Morocco, No. M8-85 (KMW), 2009 WL 1059786, at *2 n.4 (S.D.N.Y. Apr. 16, 2009) (holding that "courts in the Second Circuit have often held that before imposing sanctions under Rule 45(e) for failure to comply with an attorney-issued subpoena, a court should first issue an order compelling compliance with a subpoena") (citations omitted). A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s "overriding relevance requirement," Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010); that is, the "party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C., No. 22 Civ. 2893 (GRB) (JMW), 2023 WL 1967575, at *4 (E.D.N.Y. Feb. 10, 2023). Accordingly, district courts may enforce a non-party subpoena where (i) the subpoena was properly served on the non-party, and (ii) the information sought in the subpoena is relevant and material to the case. See Jalayer v. Stigliano, No. 10 Civ. 2285 (LDH) (AKT), 2016 WL 5477600, at *3–4 (E.D.N.Y. Sept. 29, 2016). Facts demonstrating that the

non-party "has not responded to [subsequent] efforts to procure compliance" weigh in favor of enforcing a subpoena. Freund v. Weinstein, No. 08 Civ. 1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009); see Gov't Emps. Ins. Co., 2023 WL 1967575, at *5.

### III. ANALYSIS

The Court finds that the Subpoena seeks deposition testimony that is relevant and material to this case. Ms. Carrero is alleged to be an eyewitness to the accident, took photographs of Mr. Gonzalez at the scene of the accident, and texted those photographs to him. (See ECF Nos. 40 at 1–2; 40-3 at 69:24–72:25). Speedway is thus correct that Ms. Carrero is an "important fact witness" (ECF No. 40 at 2), and accordingly, the Court finds that the information sought in the Subpoena meets the relevance threshold of Rule 26. See, e.g., Gov't Emps. Ins. Co., 2023 WL 1967575, at *4 (enforcing subpoena where deposition testimony would "appear to be relevant to Plaintiffs' claims, and not overly broad or unduly burdensome").

Having examined the Affidavit of Service attached to the Subpoena (ECF No. 40-1), the Court also finds that the Subpoena is valid and was properly served on Ms. Carrero. See Freund, 2009 WL 4065585, at *1 (granting motion to enforce subpoena based on examination of affidavit of service); Beruashvili v. Hobart Corp., No. 05 Civ. 1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (same).

Notwithstanding the validity of the Subpoena, Ms. Carrero did not comply with the Subpoena and appear for deposition on December 20, 2023. Ms. Carrero also did not appear and oppose the Motion when it was initially filed, despite being served with the Motion and the Court's January 31, 2024 Order. (ECF Nos. 43–44). In addition, Speedway's counsel represented during the March 12, 2024 conference that the parties have since attempted to contact

Ms. Carrero regarding the Subpoena, to no avail. Accordingly, the Court must enforce the Subpoena against Ms. Carrero. See Gov't Emps. Ins. Co., 2023 WL 1967575, at *5 (enforcing deposition subpoena against non-party where witness failed to appear for deposition and movants engaged in "multiple good faith attempts to secure compliance"); Freund, 2009 WL 4065585, at *1 (enforcing deposition subpoena where "[d]eponent has not offered any reason for not complying and no objections have been filed").

### IV. CONCLUSION

The renewed Motion is GRANTED, and the Subpoena is hereby ENFORCED against Ms. Carrero. Ms. Carrero is hereby ORDERED to comply with the Subpoena. She must promptly, in no event later than **March 20, 2024**, contact Speedway's counsel by phone or email[1] to arrange for a mutually-convenient date for her to sit for deposition, which shall occur no later than **March 28, 2024**. Ms. Carrero is warned that if she fails to comply with this Order and the Subpoena she may be found in contempt of this Order and sanctions may be assessed against her.

By **March 13, 2024**, Speedway shall serve a copy of this Order on Ms. Carrero and file proof of service.

Dated:   New York, New York
         March 12, 2024

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**

---

[1] Speedway's counsel is Daniel Furshpan: (516) 357-3436, daniel.furshpan@rivkin.com.