UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO HERNANDEZ GONZALEZ,

                Plaintiff,

-v-                                        CIVIL ACTION NO. 23 Civ. 221 (MMG) (SLC)

SPEEDWAY LLC,                                **ORDER**

                Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

This matter is before the Court upon a Letter-Motion filed by Defendant Speedway LLC ("Speedway"), who seeks "an Order setting the deposition costs of Plaintiff's expert, Dr. Barry Katzman, to a reasonable amount." (ECF No. 64 (the "Letter-Motion") at 1). For the reasons explained below, the Letter-Motion is DENIED WITHOUT PREJUDICE to later renewal.

In the Letter-Motion, Speedway asserts that it contacted Dr. Katzman on September 10, 2024, to schedule a deposition. (ECF No. 64 at 1). On September 25, 2024, Dr. Katzman's assistant responded, requesting Speedway first remit a $6,000.00 payment. (Id.; see ECF No. 64-1 at 3–4). Speedway objected to Dr. Katzman's flat rate as unreasonable and suggested that "the invoice be changed to reflect an hourly rate." (ECF No. 64 at 1). In response, Dr. Katzman's office provided a new invoice listing a $2,000.00 hourly rate. (Id.; see ECF No. 64-2 at 3–4). Speedway countered with an offer to pay $750.00 per hour. (Id.) Despite conferring on October 16, 2024, the parties have not agreed as to a reasonable rate for Dr. Katzman's deposition (see ECF No. 64 at 1–2), and Speedway thus filed the Letter-Motion seeking a judicial determination.

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."

Fed. R. Civ. P. 26(b)(4)(A).  In addition, "[u]nless manifest injustice would result, the court must require that the party seeking discovery:  (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ."  Fed. R. Civ. P. 26(b)(4)(E)(i).  A witness who serves "solely as a fact witness[,]" however, is entitled only "to the statutory witness fee under 28 U.S.C. § 1821."  Ajasin v. Ortiz, No. 19 Civ. 6814 (RA) (JLC), 2021 WL 1437551, at *1 n.2 (S.D.N.Y. Apr. 16, 2021); see, e.g., DeRienzo v. Metro. Transit Auth. & Metro-N. Rail Rd., No. 01 Civ. 8138 (CBM), 2004 WL 67479, at *2 (S.D.N.Y. Jan. 15, 2004) (holding that plaintiff's six treating physicians were fact, not expert, witnesses and thus limited to statutory witness fee).

Ordinarily, "parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively—that is, after the deposition has taken place." Conte v. Newsday, Inc., No. 06 Civ. 4859 (JFB) (ETB), 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011).  Because Dr. Katzman's deposition has not yet occurred and it is not clear if Speedway will in the future move to preclude Dr. Katzman's testimony under Daubert[1] or for other reasons, Speedway's request to determine the amount to which Dr. Katzman is entitled is premature.  Accordingly, Speedway's request for a determination of the fees to which Dr. Katzman may be entitled is DENIED WITHOUT PREJUDICE to renewal following Dr. Katzman's deposition and any eventual determination as to whether Dr. Katzman will serve as an expert or fact witness in this action.

The Clerk of Court is respectfully directed to close ECF No. 64.

Dated:     New York, New York
           October 21, 2024

                              SO ORDERED.

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

2

_____
**SARAH L. CAVE**
**United States Magistrate Judge**